SALVADOR VENEGAS
FULL NAME

COMMITTED NAME (if different)
P.O. BOX 710 - 7521 (PPDC)
FULL ADDRESS INCLUDING NAME OF INSTITUTION
RIVERSIDE CA. 92502
201409866
PRISON NUMBER (if applicable)

```
                          FILED
              CLERK, U.S. DISTRICT COURT

                       JUN 17 2019

              CENTRAL DISTRICT OF CALIFORNIA
              EASTERN DIVISION        BY DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SALVADOR VENEGAS

PLAINTIFF,

v.

COUNTY OF RIVERSIDE;
RIVERSIDE COUNTY SHERIFF CHAD BIANCO;
ET AL.
DEFENDANT(S).

CASE NUMBER EDCV 18 - 2293 - JLS (SHK)
_To be supplied by the Clerk_
" Second Amended "

CIVIL RIGHTS COMPLAINT
PURSUANT TO _(Check one)_
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many?   TWO

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   SALVADOR VENEGAS V. CALIFORNIA DEPARTMENT OF CORRECTIONS
   CASE NO. 05 - 1727 - ESG (JMA)
   CONDITIONS OF CONFINEMENT, DUE PROCESS.

   AND,
        SALVADOR VENEGAS V. STAN SNIFF, ET. AL.
        CASE NO. EDCV - 18 - 02293 - JLS - (SHK)
        DUE PROCESS VIOLATIONS, CONDITIONS OF CONFINEMENT
        AND FIRST AMENDMENT VIOLATIONS.

---

CV-66 (7/97)                          **CIVIL RIGHTS COMPLAINT**                          Page 1 of 6

a. Parties to this previous lawsuit:
Plaintiff _____ SALVADOR VENEGAS _____

Defendants ___ COUNTY OF RIVERSIDE, SHERIFF STAN SNIFF, ET. AL. ___

b. Court ___ UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ___
___ CALIFORNIA, EASTERN DIVISION. ___

c. Docket or case number ___ EDCV-18-02293-JLS-SHK ___

d. Name of judge to whom case was assigned ___ SHASHI H. KEWALRAMANI ___

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ___ STILL PENDING ___

f. Issues raised: ___ FIRST, SIXTH AND FOURTEENTH AMENDMENT VIOLATIONS. ___

g. Approximate date of filing lawsuit: ___ 10-26-18 ___

h. Approximate date of disposition ___ PENDING ___

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____
   _____
   _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____
   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ___ SALVADOR VENEGAS ___
(print plaintiff's name)

who presently resides at ___ ROBERT PRESLEY DETENTION CENTER IN RIVERSIDE, CA ___
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
___ ROBERT PRESLEY DETENTION CENTER IN RIVERSIDE AND INDIO JAIL IN INDIO, CA. ___
(institution/city where violation occurred)

on (date or dates) ( PLEASE SEE ATTACHED SHEETS )                     .
_____  _____  _____
(Claim I)          (Claim II)         (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant ( PLEASE SEE ATTACHED SHEETS )                    resides or works at
_____
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.   Defendant   (PLEASE SEE ATTACHED SHEETS)   resides or works at

      (full name of first defendant)

      (full address of first defendant)

      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.   Defendant   _____   resides or works at

      (full name of first defendant)

      (full address of first defendant)

      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

( PLEASE SEE ATTACHED SHEETS )

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

( PLEASE SEE ATTACHED SHEETS )

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

( PLEASE SEE ATTACHED SHEETS )

_____
5-31-19
*(Date)*

_____
*(Signature of Plaintiff)*

## I. INTRODUCTION

1) This is a civil action authorized by 42 USC. §1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 USC §§1331, 1343 (A)(3)(4). Plaintiff SALVADOR VENEGAS, seeks declaratory relief pursuant 28 USC §§ 2201, 2202. Plaintiff claims for injunctive relief are authorized by 28 USC §§ 2283 and 2284 and rule 65 of the federal rules of civil procedure, and compensatory and punitive damages.

2) Central district, district of California, is an adequate venue under 28 USC §1391 (b)(2) because it is where the events giving rise to these claims occurred.

3) Plaintiff initiated this complaint in pro se and in forma pauperis, to which on the 4th of June, 2018, plaintiff filed this above-entitled 42 USC §1983.

## II. PLAINTIFF

4) Plaintiff SALVADOR VENEGAS has been and is at all times mentioned herein an inmate under the custody and control of the Riverside county sheriff's department in the county of Riverside. On 2-28-14, upon his initial classification has been assigned "AD. SEG" status. And has remained as such exceeding 5 years. Plaintiff is currently confined at the Robert Presley Detention Center's 7th floor isolation unit.

5) PLAINTIFF WAS CONVICTED OF FIRST DEGREE MURDER ON NOVEMBER 14, 2018. THE PEOPLE ELECTED TO PURSUE CAPITAL PUNISHMENT AND SOUGHT DEATH. ON 12-17-18, THE JURY RECOMMENDED LIFE WITHOUT POSSIBILITY OF PAROLE. AS OF 5-31-19, PLAINTIFF HAS REMAINED A NON-SENTENCED INMATE.

6) IN THIS 42 USC §1983, PLAINTIFF ALLEGES THAT HE HAS BEEN AND IS SUBJECTED TO SEVERELY UNHEALTHY CONDITIONS OF CONFINEMENT, SUBJECTED TO SEVERE ISOLATION AND SOCIAL STIMULI DEPRIVATIONS IN RETALIATION DUE TO UTILIZING THE AVAILABLE GRIEVANCE SYSTEM, INCLUDING PROVIDING A NOTICE OF INTENT OF SUIT UPON THE DEFENDANTS NAMED HEREIN. PLAINTIFF SHALL DEMONSTRATE THAT ALL DEFENDANTS NAMED SYSTEMATICALLY VIOLATED PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS UNDER THE COLOR OF STATE LAW.

7) PLAINTIFF HAS BEEN AND IS DESIGNATED AND CLASSIFIED AS AN ADMINISTRATIVE SEGREGATION (HEREIN, "AD.SEG") INMATE AND ISOLATED SINCE HIS INCARCERATION AS A NON-SENTENCED INMATE UNDER THE CUSTODY AND CONTROL OF THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. ON 2-28-14, DUE TO DEFENDANTS' POLICIES AND PRACTICES PLAINTIFF HAS BEEN ASSIGNED AD.SEG. STATUS INDEFINITELY AND WILL NOT BE GRANTED RELEASE TO GENERAL POPULATION, THUS INFRINGING PLAINTIFF'S BASIC DUE PROCESS AND LIBERTY INTERESTS,

## III. DEFENDANTS

8) EACH DEFENDANT IS SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, AT ALL TIMES MENTIONED IN THIS COMPLAINT. EACH DEFENDANT ACTED UNDER COLOR OF LAW.

9) DEFENDANT CHAD BIANCO IS EMPLOYED AS THE RIVERSIDE COUNTY SHERIFF, AND IS RESPONSIBLE FOR THE HEALTH AND SAFETY OF INMATES AND MANDATED TO FOLLOW ALL LOCAL, STATE, AND FEDERAL LAWS, TO WHICH GOVERN BOTH POLICIES AND PROCEDURES FOR INMATE HYGIENE, HEALTH, SAFETY, SANITATION MENTAL AND PHYSICAL WELFARE, WITHIN THE CUSTODY OF THE SHERIFF'S DEPARTMENT AND THE COUNTY OF RIVERSIDE.

10) DEFENDANT COUNTY OF RIVERSIDE OPERATES ROBERT PRESLEY DETENTION CENTER, COIS BYRD DETENTION CENTER, SMITH CORRECTIONAL FACILITY AND INDIO JAILS. THE COUNTY IS RESPONSIBLE FOR ENSURING THAT THE BASIC HUMAN NEEDS OF INDIVIDUALS ARE NOT AT RISK OF SERIOUS HARM, INCLUDING PROVIDING FUNDING, OVERSIGHT, AND CORRECTIVE ACTION TO ENSURE ADEQUATE CONDITIONS. THE COUNTY IS ALSO RESPONSIBLE FOR ENSURING THAT JAIL POLICIES AND PROCEDURES DO NOT VIOLATE INDIVIDUALS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS.

11) DEFENDANT DANIEL HEDGE IS EMPLOYED AT RPDC AS FACILITY COMMANDER, AS SUCH, HE HAS CAUSED, CREATED, CONDONED, AUTHORIZED, RATIFIED, APPROVED, OR KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL, AND

INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT'S CORRECTIONAL DIVISION. HE HAS, THEREFORE, CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

12) DEFENDANT STEVE TAYLOR IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT AS A CORRECTIONAL LIEUTENANT AT RPDC, AS SUCH, HE HAS CAUSED, CREATED, CONDONE, APPROVED, RATIFIED, AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS, AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT'S CORRECTIONAL DIVISION. HE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FOR HEREIN.

13) DEFENDANT CAMPA IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, AS A CORRECTIONAL LIEUTENANT, AT RPDC, AS SUCH, HE HAS CAUSED, CREATED, CONDONED, APPROVED RATIFIED, AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT'S CORRECTIONAL DIVISION. HE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

14) DEFENDANT VRIARTE IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, ASSIGNED AS SERGEANT OF THE CLASSIFICATION UNIT AT RPDC. AS SUCH, SHE HAS CAUSED, CREATED, CONDONED, AUTHORIZED, APPROVED, RATIFIED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL, AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS, AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. SHE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH.

15) DEFENDANT HILL IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, ASSIGNED AS SERGEANT OF THE CLASSIFICATION UNIT, AT RPDC. AS SUCH, HE HAS CAUSED, CREATED, CONDONED, APPROVED, RATIFIED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL, AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS, AND PRACTICES, THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. HE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

16) DEFENDANT KAFKA IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, ASSIGNED AS SERGEANT OF THE GANG INVESTIGATION UNIT (GIU), AT RPDC. AS SUCH, HE HAS CAUSED, CREATED, CONDONED, APPROVED, RATIFIED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT

HE HAS, THEREFORE, CAUSE THE INJURIES AND VIOLATION OF RIGHTS SET FORTH HEREIN.

17) DEFENDANT SAPPINGTON IS EMPLOYED BY THE RIVERSIDE CANTY SHERIFF'S DEPARTMENT, ASSIGNED AS CORRECTIONAL CORPORAL OF THE CLASSIFICATION UNIT AT RPDC. AS SUCH HE HAS CAUSED, CONDONED, CREATED, APPROVED, RATIFIED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE CANTY SHERIFF'S DEPARTMENT. HE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

18) DEFENDANT WEBB IS EMPLOYED BY THE RIVERSIDE CANTY SHERIFF'S DEPARTMENT, ASSIGNED AS CORPORAL OF THE CLASSIFICATION UNIT AT RPDC. AS SUCH, HE HAS CAUSED, CONDONE, CREATED, APPROVED, RATIFIED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE CANTY SHERIFF'S DEPARTMENT. HE HAS, THEREFORE, CAUSED THE INJURIES AND VIOLATIONS OF RIGHT SET FORTH HEREIN.

19) DEFENDANT ROCHA IS EMPLOYED BY THE RIVERSIDE CANTY SHERIFF'S DEPARTMENT, ASSIGNED TO THE GANG INVESTIGATIONS UNIT ("GIU") AT RPDC. AS SUCH SHE HAS CAUSED, CONDONED, AND KNOWINGLY

ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND
INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND
PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY
SHERIFF'S DEPARTMENT. SHE HAS, THEREFORE, CAUSED
THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN

20) DEFENDANT MARTINEZ (N5731) IS EMPLOYED BY THE
RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, ASSIGNED TO THE
GANG INVESTIGATIONS UNIT ("GIU") AT RPDC. AS SUCH,
HE HAS CAUSED, CONDONED, AND KNOWINGLY ACQUIESCED
IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE
CONDITIONS, ACTIONS, POLICIES, CUSTOMS, AND
PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE
COUNTY SHERIFF'S DEPARTMENT. HE HAS, THEREFORE,
DIRECTLY CAUSED THE INJURIES AND VIOLATIONS OF
RIGHTS SET FORTH HEREIN.

21) DEPARTMENT CORPORAL HARRIS (N3980) IS EMPLOYED
BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT,
ASSIGNED AS CLASSIFICATION SENIOR CORPORAL AND
DISCIPLINARY HEARING OFFICER AT RPDC. AS SUCH,
SHE HAS CAUSED, CREATED, CONDONED, APPROVED,
RATIFIED, AND KNOWINGLY ACQUIESCED IN THE ILLEGAL
UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS,
POLICIES, CUSTOMS AND PRACTICES THAT PREVAIL
WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT
SHE HAS, THEREFORE, DIRECTLY CAUSED THE INJURIES
AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

22) DEFENDANT FOSTER IS EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. SHE WAS ASSIGNED AS CORPORAL AT RPDC. SHE WAS TASKED WITH MONITORING THE VENTILATION SYSTEM WITHIN THE JAIL. AS SUCH, SHE HAS CAUSED, CONDONED AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL, AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS, AND PRACTICES THAT PREVAIL WITHIN THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. SHE HAS, THEREFORE, CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

23) DEFENDANT FREEMAN IS ASSIGNED AS "CHAPLIN" AT RPDC, AND THUS, TASKED WITH THE RELIGIOUS SERVICES PROVIDED TO THE INMATE POPULATION. AS SUCH, HE HAS CAUSED, CONDONED, AND KNOWINGLY ACQUIESCED IN THE ILLEGAL, UNCONSTITUTIONAL AND INHUMANE CONDITIONS, ACTIONS, POLICIES, CUSTOMS AND PRACTICES THAT PERVADE WITHIN THE JAIL AT RPDC WITH REGARD TO RELIGIOUS SERVICES. HE HAS, THEREFORE, CAUSED THE INJURIES AND VIOLATIONS OF RIGHTS SET FORTH HEREIN.

24) DEFENDANTS JOHN/JANE DOES, ARE EMPLOYED BY THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT AND ASSIGNED TO THE GLU OR CLASSIFICATION UNITS, AT RPDC. AS SUCH, HAVE CAUSED, CREATED, CONDONED AND KNOWINGLY ACQUIESCED IN THE

illegal, unconstitutional, and inhumane conditions, actions, policies, customs and practices that prevail within the Sheriff's Department. They have, therefore, caused the injuries and violations of rights set forth herein.

25.) Defendant Tina is employed by the Keefe Commissary Network, which distributes commissary items purchased by Plaintiff on a weekly basis. As such, has caused, condoned and knowingly acquiesced in the illegal, unconstitutional and inhumane conditions, actions, customs and practices employed by the County of Riverside, Riverside County Sheriff's Department. She has, therefore, caused the injuries and violations of rights set forth herein.

a

## IV. FACTUAL ALLEGATIONS

26) ON 2-28-14, PLAINTIFF WAS ARRESTED AND BOOKED INTO THE SOUTHWEST DETENTION CENTER (RENAMED COIS BYRD DETENTION CENTER, HEREIN "CBDC"), UPON BEING BOOKED IN FOR FELONY POSSESSION OF A FIREARM. CBDC'S CLASSIFICATION PERSONNEL DETERMINED THAT PLAINTIFF WOULD BE ASSIGNED ADMINISTRATIVE SEGREGATION ("AD SEG") STATUS, DUE TO PLAINTIFF'S PRISON GANG ASSOCIATIONS — ALLEGED.

27) ON 9-2-18, PLAINTIFF WAS TRANSFERRED TO INDIO JAIL FOR THE PREPARATION OF CRIMINAL TRIAL, FROM RPDC. PLAINTIFF WAS SUBSEQUENTLY CONVICTED OF MURDER ON CAPITAL CHARGES, ON 11-16-18.

28) ON 12-17-18, UPON THE CONCLUSION OF THE PENALTY PHASE OF CAPITAL MURDER CHARGES, THE JURY RECOMMENDED LIFE WITHOUT THE POSSIBILITY OF PAROLE, RATHER THAN DEATH.

29) ON 12-18-18, PLAINTIFF WAS TRANSFERRED BACK TO RPDC, AND HOUSED IN THE AD. SEG UNIT=2A30. "2A" BEING THE HOUSING UNIT AND "30" BEING THE CELL NUMBER. PLAINTIFF IMMEDIATELY COMPLAINED ABOUT THE SINK AND TOILET NOT WORKING PROPERLY AND FILED A GRIEVANCE. AND PLAINTIFF WAS TOLD BY SGT. VRIPPLE A WORK ORDER WOULD BE

SUBMITTED, HOWEVER, PLAINTIFF WOULD NOT BE REHOUSED IN A CELL THAT FUNCTIONED ADEQUATELY. THERE WERE THREE VACANT CELLS IN PLAINTIFF'S HOUSING UNIT THAT WORKED PROPERLY.

30) ON 12-19-18, PLAINTIFF SUBMITTED A GRIEVANCE REQUESTING A 30-DAY DAY REVIEW FOR POSSIBLE RECONSIDERATION TO BE RELEASED TO GENERAL POPULATION PURSUANT CALIFORNIA CODE OF REGULATIONS, TITLE 15. (HEREIN "CCR TITLE 15")

31) ON 12-31-18, DEFENDANT URIARTE RESPONDS TO PLAINTIFF'S GRIEVANCE, STATING: "I/M WILL REMAIN IN AD.SEG HOUSING, REVIEW FOUND HE IS A SECURITY RISK. AND POSES A THREAT TO DEPUTIES, CIVILIAN STAFF, AND OTHER INMATES. HE HAS MANIPULATED JAIL LOCKS, ESCAPED FROM PROGRAM ROOM, HELD A NURSE HOSTAGE W/ INTENT TO HURT A DEPUTY, CUT A P.C. (PROTECTIVE CUSTODY) INMATE, FOUND IN POSSESSION OF SEVERAL JAIL MADE SHANKS AND CONTINUES TO THREATEN STAFF AND INMATES."

32) ON 1-14-19, PLAINTIFF ORGANIZED AND INITIATED A HUNGER STRIKE IN THE AD.SEG UNIT, WHICH INVOLVED ALL RACES, HOUSED IN 2A, AT RPDC. PLAINTIFF AUTHORED A LETTER TO THE SHERIFF CHAD BIANCO, RIVERSIDE COUNTY AND RPDC STAFF.

ARTICULATING THE BASIS OF OUR HUNGER STRIKE, CITING CONSTITUTIONAL LAW. REQUESTING THAT INMATES RECEIVE BASIC DUE PROCESS PROTECTIONS. AND CEASE RACIALLY DISCRIMINATING AGAINST MEXICAN AND AFRICAN-AMERICAN INMATES.

33) ON 1-17-19, PLAINTIFF SUBMITTED A GRIEVANCE ADDRESSING THE REPEATED CELL SEARCHES CITING RETALIATION TACTICS CARRIED OUT BY CLASSIFICATION AND GANG PERSONNEL AGAINST HUNGER STRIKE PARTICIPANTS, INCLUDING PLAINTIFF.

34) ON 1-18-19, DEFENDANT. KAFKA REQUESTED "DIALOGUE" WITH PLAINTIFF AND ANOTHER INMATE. PLAINTIFF AGREED TO PARTICIPATE IN THE PERCEIVED "DIPLOMATIC ENDEAVOR" TO DISCUSS THE RIGHTS OF THE INMATE POPULATION AND THE POSSIBILITY OF ENDING OUR HUNGER STRIKE ON "GOOD FAITH." DEFENDANT KAFKA AGREED TO EVALUATE AND IMPLEMENT NEW PRACTICES IN ACCORDANCE WITH THE LAW, TO PROVIDE DUE PROCESS PROTECTIONS.

35) ON 1-24-19, PLAINTIFF SUBMITTED A GRIEVANCE ALLEGING THAT JAIL DEPUTIES WERE DELIBERATELY PROCRASTINATING IN ALLOTTING INMATES THEIR RESPECTIVE DAYROOM. WHICH CONSISTS OF 30-MINUTES OF OUT-OF-CELL CONFINEMENT, IN WHICH INMATES ARE EXPECTED TO MAKE TELEPHONE CALLS, UTILIZE

THE NAIL CLIPPERS, HAIR CLIPPERS, SHOWER, READ NEWSPAPER, WATCH TELEVISION OR SIMPLY WALK AROUND, OR "SOCIALIZE" WITH OTHER INMATES THROUGH METAL DOORS.

36) INMATES IN 2A ARE CLASSIFIED AD.SEG. AND ARE GREATLY RESTRICTED OF ALL MOVEMENTS. PROVIDED 3 HOURS A WEEK ON A RECREATION YARD THAT IS SEALED WITH CONCRETE. IN CONTRAST, GENERAL POPULATION INMATES ARE ALLOWED CELLMATES AND ARE ALLOWED OUT OF THEIR CELLS FROM 0800 TO 2300 DAILY. ISOLATION, AS PLAINTIFF'S CURRENT STATUS, IS CONFINED 24-HOURS A DAY, HAND-CUFFED AND ESCORTED BY TWO-JAIL DEPUTIES ANY TIME HE LEAVES HIS CELL. GENERAL POPULATION INMATES ARE NOT ESCORTED, NOR HAND-CUFFED, AND ARE ALLOWED TO SOCIALIZE WITH AS MUCH AS 16 INMATES, AT A TIME.

37) ON 1-29-19, DEFENDANT VRIARTE RESPONDED TO PLAINTIFF'S GRIEVANCE MENTIONED-ABOVE, STATING: "THIS ISSUE HAD BEEN RESOLVED AND THE DEPUTIES WERE BRIEFED ON THE SCHEDULE TO CONTINUE DAYROOM THROUGHOUT THE LISTED DAYROOM PERIOD."

38) ON 2-15-19, PLAINTIFF SUBMITTED AN APPEAL TO DEFENDANT TAYLOR ARGUING THAT DEPUTIES

12

DAILY CONTINUE TO PROCRASTINATE ON ALLOTTING DAYROOM FOR AD.SEG INMATES, AND THAT THE PROGRAM WAS DELIBERATELY IMPEDED, DUE TO LACK OF DEPUTY TRAINING BY SUPERVISION, BECAUSE DEPUTIES ARE NOT FAMILIAR WITH JAIL POLICIES.

39) ON 3-11-19, DEFENDANT TAYLOR RESPONDS TO THE APPEAL STATING: "I FIND YOUR CLAIM TO BE PRESUMPTUOUS AND FOUNDED ON OPINION."

40) ON 3-15-19, PLAINTIFF SUBMITTED AN APPEAL TO THE FACILITY COMMANDER, DEFENDANT HEDGE, HOWEVER, PLAINTIFF DID NOT RECEIVE A RESPONSE.

41) ON 1-28-19, PLAINTIFF SUBMITTED A GRIEVANCE ALLEGING THAT SEVERAL OF PLAINTIFF'S GRIEVANCES HAD BEEN LOST OR MISPLACED, DUE TO THE LACK OF REVIEW. ON 1-28-19, DEFENDANT VRIABEL ADDRESSED THE ISSUES VERBALLY IN FRONT OF ALL THE INMATES IN THE DAYROOM. THAT DUE TO PLAINTIFF'S GRIEVANCES THERE WILL BE ACTS OF REPRISAL, SUCH AS CELL SEARCHES AND DISCIPLINARY ACTIONS.

42) SUBSEQUENTLY, ON 1-28-19, PLAINTIFF SUBMITTED ANOTHER GRIEVANCE TO DOCUMENT THE VERBALIZED THREAT OF RETALIATION DUE TO SUBMITTING GRIEVANCES

43 ) ON 2-11-19, DEFENDANT VRIARTE RESPONDED TO THE GRIEVANCE DATED 1-28-19, IN WHICH PLAINTIFF ADDRESSES THE APPARENT ACTS OF REPRISAL, DUE TO PLAINTIFF'S ONGOING GRIEVANCES AND CIVIL LITIGATION. PLAINTIFF STATED THAT HE SIMPLY DESIRED TO EXHAUST ADMINISTRATIVE REMEDIES, SO THAT HE MAY PURSUE A CIVIL RIGHTS CLAIMS DEFENDANT VRIARTE THEN STATED "I DON'T CARE ABOUT YOUR LAW SUITS, IT DOESN'T EFFECT ME."

44 ) ON 1-29-19 AT 0700 HOURS, UNKNOWN DEPUTIES ENTERED PLAINTIFF'S CELL WHEN PLAINTIFF EXITED HIS CELL TO ADDRESS GRIEVANCES. THE UNKNOWN DEPUTIES SEARCHED THROUGH PLAINTIFF'S LEGAL PROPERTY BOXES CONFISCATING CIVIL LITIGATION DOCUMENTS.

45 ) ON 1-29-19, PLAINTIFF SUBMITTED ANOTHER GRIEVANCE DUE TO THE REALIZATION OF THE RETALIATION THREAT THE DAY PRIOR (ON 1-28-19) BY DEFENDANT VRIARTE. PLAINTIFF REQUESTED DVR FOOTAGE FOR THE TIME AND DATE INDICATED HEREIN, TO PROVE THE ALLEGATIONS OF RETALIATION. PURSUANT DEFENDANTS' OWN POLICY AND PROCEDURE, A SUPERVISOR MUST BE PRESENT DURING A CELL SEARCH CONDUCTED BY DEPUTIES UPON A "PRO PER" INMATE'S LEGAL PROPERTY.
"
" .
"

15

46) ON 1-30-19, AT 0300, PLAINTIFF'S CELL WAS <u>AGAIN</u> SEARCHED. PLAINTIFF'S CELL WAS SEARCHED TWICE WITHIN A 24-HOUR PERIOD, AS A RESULT OF DEFENDANT VRIARTE'S VERBALIZED THREAT OF CELL SEARCHES.

47) ON 1-30-19, PLAINTIFF SUBMITTED ANOTHER GRIEVANCE ALLEGING THAT THE REPETITIOUS AND CAPRICIOUS CELL SEARCHES ARE DUE TO UTILIZING THE INMATE GRIEVANCE SYSTEM AND PURSUING CIVIL LITIGATION CHALLENGING THE SYSTEMATIC RETALIATION BY NAMED DEFENDANTS AND UNKNOWN CLASSIFICATION / JAIL PERSONNEL. THE CELL SEARCHES DIRECTLY TARGETED PLAINTIFF, INTENDED TO DISCOURAGE PLAINTIFF FROM LITIGATING CIVIL RIGHTS CLAIMS WITH INTIMIDATION TACTICS.

48) ON 2-1-19, DEFENDANT SAPPINGTON RESPONDED TO THE GRIEVANCES DATED 1-29-19 AND 1-30-19, STATING "PER SGT. VRIARTE AND SEARCHING DEPUTY LEGAL ITEMS WERE NOT SEARCHED, BUT THE LID (TO PLAINTIFF'S LEGAL BOXES) WAS OPEN. ALL TEAMS ARE TO RANDOMLY SEARCH FOUR CELLS PER SHIFT. THIS WAS AND IS NOT DONE IN RETALIATION TO YOUR CASES."

49) ADDITIONALLY, DEFENDANT SAPPINGTON RESPONDS TO THE SECOND CELL SEARCH ON 1-30-19 AT 0300, STATING "DUPLICATE ISSUE." RATHER THAN ADDRESSING THE REPETITIOUS CELL SEARCHES.

50) ON 2-4-19, PLAINTIFF FILED AN APPEAL TO DEFENDANT CAMPA. ADDRESSING THE REPEATED CELL SEARCHES CONDUCTED SOLELY WITH THE INTENT TO HARASS AND DISCOURAGE PLAINTIFF'S LITIGATION ENDEAVOURS. NO RESPONSE HAS BEEN PROVIDED TO DATE, FROM THE LIEUTENANT'S OR FACILITY COMMANDER'S LEVEL.

51) ON 2-2-19, PLAINTIFF SUBMITTED ANOTHER GRIEVANCE CHALLENGING HIS AD.SEG RETENTION, ASSERTING THAT THE 30-DAY REVIEW IS A "SHAM" AND THAT PLAINTIFF WAS NOT BEING PROVIDED A REALISTIC OR MEANINGFUL REVIEW, IN ORDER TO BE RELEASED TO GENERAL POPULATION.

52) ON 2-11-19, DEFENDANT URIARTE RESPONDS TO THE ABOVE-MENTIONED GRIEVANCE, STATING " YOUR ADMINISTRATIVE HOUSING COMPLAINT HAS BEEN ADDRESSED AND EXPLAINED TO YOU ON SEVERAL OCCASIONS. PLEASE REFER TO RESPONSES DATED 4-22-14, 4-10-16, 4-20-18, 5-3-18, 7-26-18, AND 12-31-18." DEFENDANT URIARTE ADMITS THAT PLAINTIFF HAS BEEN DENIED DUE PROCESS, AND RETENTION IN AD.SEG IS PUNITIVE, RATHER THAN ADMINISTRATIVE. ADDITIONALLY, DEFENDANT URIARTE STATED, REGARDLESS OF ANY PRIOR PUNISHMENTS, YOU WILL NEVER BE RELEASED FROM AD.SEG TO GENERAL POPULATION. EVERY 30-DAY REVIEW WILL BE DENIED."

53) ON 2-22-19, WHILE PLAINTIFF WAS TRANSPORTED TO COURT IN INDIO, IN PLAINTIFF'S ABSENCE, HIS PROPERTY WAS RELOCATED AND HE WAS REHOUSED TO ISOLATION.[1] FROM 2A30, THE AD. SEG HOUSING UNIT[2] 7ZZ1 IS LABELED THE "TORTURE CHAMBER,"[3] 7ZZ1 IS LOCATED WITHIN THE MEDICAL UNIT ON THE SEVENTH FLOOR AT RPDC.

54) ON 2-23-19, PLAINTIFF SUBMITTED A GRIEVANCE REQUESTING TO BE REMOVED FROM ISOLATION DUE TO NOT RECEIVING DISCIPLINARY INFRACTIONS AND THE REQUIRED DUE PROCESS THEREOF. PLAINTIFF ASSERTED BLATANT RETALIATION DUE TO SUBMITTING GRIEVANCES.

1. CCR, TITLE 15 §1006 DEFINES "DISCIPLINARY ISOLATION" AS "THAT PUNISHMENT STATUS ASSIGNED AN INMATE AS A RESULT OF VIOLATING FACILITY RULES AND WHICH CONSIST OF CONFINEMENT IN A CELL OR UNIT SEPARATE FROM REGULAR JAIL INMATES. PURSUANT, SUPRA, §1082.

2. CCR TITLE 15, §1006 DEFINES "ADMINISTRATIVE SEGREGATION" AS "THE PHYSICAL SEPARATION OF DIFFERENT TYPES OF INMATES FROM EACH OTHER AS SPECIFIED IN PENAL CODE §4001, 4002."

3. THE "TORTURE CHAMBER" IS LOCATED ON THE 7TH FLOOR, IN ISOLATION, CELL ONE, HENCE "7ZZ1". THE CELL IS EXTREMELY COLD, EQUIPPED WITH A DECOMPRESSION AIR SYSTEM, DESIGNED FOR INMATES WHOM HAVE CONTRACTED TUBERCULOSIS OR OTHER CONTAGIOUS DISEASES.

55) ON 2-23-19, DEFENDANT ROCHA OF THE GANG INVESTIGATIONS UNIT AND DEFENDANT HILL OF THE CLASSIFICATION UNIT, AT RPDC, RESPONDED TO PLAINTIFF'S GRIEVANCE, IN WHICH DEFENDANT ROCHA EXPLAINS: "BECAUSE OF THE RECENT INCIDENTS THAT HAVE OCCURRED IN 2A (AD. SEG UNIT) YOU KNOW WHAT I'M TALKING ABOUT, YOU WILL REMAIN IN ISOLATION."

56) PLAINTIFF ATTEMPTED TO CONTEST THE PURPORTED ASSERTIONS, INQUIRING "WHAT INCIDENTS? THE HUNGER STRIKE? MY GRIEVANCES?" FURTHERMORE, DEFENDANT ROCHA WAS VAGUE IN HER ASSERTIONS AND DID NOT EXPLAIN "WHY" PLAINTIFF WAS BEING HOUSED IN ISOLATION, WITHOUT DUE PROCESS.

57) DEFENDANT ROCHA SIMPLY AUTHORS: "SPOKE TO VENEGAS AND EXPLAINED WHAT PROCEDURES TO TAKE IN ORDER TO POSSIBLY RECEIVE AN ORDER FOR A SECOND BLANKET." SHE THEN REFUSED TO SIGN THE GRIEVANCE RECEIPT, TO WHICH PLAINTIFF STATED: "I WILL SUBPOENA THE DVR FOOTAGE."

58) PLAINTIFF REQUESTED JUSTIFICATION AND EXPLANATION FOR THE NEW CELL ASSIGNMENT: ISOLATION. THE 7TH FLOOR AT RPDC, IS A HALLWAY, FOR THE FACILITY'S MEDICAL INMATES AND INCLUDES FOUR CELLS LABELED ISOLATION CELLS. EQUIPPED WITH DECOMPRESSION APPARATUSES.

59) On 2-23-19, Plaintiff submitted another grievance challenging the purpose of the cell assignment. Plaintiff stated: "I was told that RPDC Administration elected to isolate me in an isolation cell. However, the purpose of my isolation greatly undermines the purpose of my initial classification status, pursuant Riverside County Sheriff's Department, Corrections Division, policy and procedure no. 504.01, Title: Ad.Seg. (2018) I am a non-medical inmate housed on the medical floor due to retaliation tactics of litigating against the County of Riverside." The grievance was deemed a "duplicate," again however, Plaintiff challenged the conditions of the cell, being that Plaintiff was deliberately placed in a cold cell to torment him, due to requesting a sweat lodge. Because Plaintiff is ethnically Native American.

60) On 2-23-19, Plaintiff filed another grievance addressing the complaint at the lieutenant's level due to defendant Rocha deliberately and superficially glossing over the concerns of the extremely cold cell conditions and the inadequate ventilation system, which denies Plaintiff warmth, and subjected him to 50° temperature, due to filing grievance requesting that Plaintiff's Native American

RELIGIOUS BELIEFS BE HONORED; INSTEAD, DEFENDANT HILL STATED:"IT'S LIKE A SWEAT LODGE BUT COLDER." WITH A SMIRK ON HIS FACE, HE THEN STATED " YOU REMEMBER SERGEANT TAYLOR [4] FROM SOUTHWEST, HE'S OUR LIEUTENANT NOW."

61) PLAINTIFF SUBMITTED AN APPEAL TO THE LIEUTENANT ON 2-23-19.

62) ON 3-11-19, DEFENDANT TAYLOR RESPONDS TO PLAINTIFF'S APPEAL, STATING" I FIND CORRECTIONAL DEPUTY ROCHA EXPLAINED THE REASONS FOR YOUR CLASSIFICATION STATUS AND HOUSING ASSIGNMENT. I FIND BOTH TO BE APPROPRIATE AND WITHIN DEPARTMENT POLICY, AND CALIFORNIA MINIMUM STANDARDS." [5]

63 ) ON 3-15-19, PLAINTIFF SUBMITS HIS FINAL APPEAL TO DEFENDANT HEDGE, JAIL CAPTAIN.

[4] DEFENDANT TAYLOR IS ALSO NAMED IN PLAINTIFF'S CIVIL RIGHTS CLAIM: SALVADOR VENEGAS V. STAN SNIFF, NO. 5:18-CV-02293-JLS-SHK. DEFENDANT TAYLOR WAS SERGEANT AT CBDC, AND HAS SINCE BEEN PROMOTED TO LIEUTENANT.

[5.] DEFENDANT TAYLOR REFERS TO RCSD POLICY 504.01 AND CCR TITLE 15, §§1006, 1050, 1053.

Plaintiff cites contradictions in the policy, practices and customs, including the blatant abuse of authority. Further, Plaintiff asserts that he was singled out because he challenged the unconstitutional practices that pervade the Riverside County Sheriff's Department. Finally, in the appeal, Plaintiff admonishes Defendant Hedge of the detrimental effects upon the human psyche as a result of prolonged isolation, without due process, and that compensatory and punitive damages would be sought in his individual capacity.

64) On 3-18-19, Defendant Hedge provided a memorandum, stating: "I find the response from Correctional Deputy Rocha and Lieutenant Taylor to be truthful, appropriate and adequate."

65) Thus, on 3-18-19, Plaintiff exhausted all administrative remedies (see Exhibit A)

66) Plaintiff asserts that he was denied due process, infringing civil rights, with the imposition of punishment, due to filing complaints, encouraging others to file grievances and educating them of their rights. Thus, Plaintiff asserts blatant retaliation due to exercising his rights.

67.) ON 2-22-19, DEFENDANTS ROCHA AND MARTINEZ TASKED WITH REHOUSING PLAINTIFF FROM 2A30 TO 7EI, AND PURPORTING TO "SEARCH" THE CELL IN 2A30. DEFENDANT MARTINEZ AUTHORED A DISCIPLINARY REPORT ASSERTING THAT HE FOUND A 2½ INCH PIECE OF METAL SHARPENED TO A POINT, FOUND IN THE LIGHT FIXTURE INSIDE CELL 2A30, AT 0800.

68) THE CELL, 2A30, HAD PREVIOUSLY BEEN SEARCHED REPEATEDLY AND NOTHING OF THAT SORT WAS FOUND.

69) ON 2-22-19, AT 1731 HOURS, DEFENDANT SAPPINGTON REVIEWED AND ISSUED THE INMATE WRITTEN NOTICE OF VIOLATIONS UPON PLAINTIFF, HAVING BEEN REVIEWED BY DEFENDANT HILL, PRIOR TO THE ISSUANCE OF THE "NOTICE" DEFENDANTS HILL AND SAPPINGTON HAD ALREADY DETERMINED THE PREDISPOSITIONED DISCIPLINE, WHICH CONSISTED OF 1 WEEK OF ISOLATION AND 3 DAYS DISCIPLINARY DIET.

70) ON 2-23-19, DEFENDANT HILL STATED THAT HE WAS PRESENT DURING THE CELL SEARCH AND IT WAS VIDEO-RECORDED, AND THAT PLAINTIFF WOULD REQUIRE A SUBPOENA FOR THE FOOTAGE.

23.

71) PLAINTIFF REQUESTED THE DVR FOOTAGE FOR THE DISCIPLINARY HEARING, SO THAT PLAINTIFF WOULD BE AFFORDED DUE PROCESS. DEFENDANT HILL RESPONDS: "YOU WILL NOT BE AFFORDED DUE PROCESS, YOU'RE INCARCERATED, YOU HAVE NO RIGHTS, AS CITIZENS DO."

72) ON 2-27-19, PLAINTIFF SUBMITS A GRIEVANCE CHALLENGING THE ILLEGAL IMPOSITION OF DISCIPLINARY ISOLATION WITHOUT DUE PROCESS, PRIOR TO THE "HEARING" ON 2-23-19. PLAINTIFF REQUESTED A HEARING BASED ON FACTS, EVIDENCE AND WITNESSES. THE "FINDINGS" WERE BASED ON THE PREDISPOSITIONED STATEMENT BY THE HEARING OFFICER DEFENDANT HARRIS, WHOM STATED: "INMATE WAS INFORMED HE WOULD HAVE 7 DAYS DISCIPLINARY HOUSING AND 3 DAYS DISCIPLINARY DIET." THEREFORE, THE DISPOSITION WAS NOT BASED ON EVIDENCE OR WITNESS STATEMENTS.

73) ON 3-6-17, PLAINTIFF SUBMITS ANOTHER GRIEVANCE TO THE FACILITY COMMANDER PURSUANT POLICY, NO REVIEW WAS PROVIDED, REGARDING THE IMPOSED DISCIPLINE.

74) ON 3-15-19, PLAINTIFF SUBMITTED A FINAL APPEAL TO DEFENDANT HEDGE, AND NO RESPONSE WAS PROVIDED. THUS, PLAINTIFF ATTEMPTED TO EXHAUST

ADMINISTRATIVE REMEDIES, PURSUANT Jail policy.

75) ON 1-18-19, PLAINTIFF SUBMITTED A GRIEVANCE REQUESTING THAT THE RCSD PROVIDE NATIVE AMERICAN INMATES, SUCH AS PLAINTIFF, ACCESS TO RELIGIOUS ITEMS SUCH AS SAGE, FEATHERS, INCENSE, SWEAT lODGE AND SPIRITUAL ADVISORS.

76) ON 1-29-19, DEFENDANT VRIPPTE STATED THAT THE ITEMS REQUESTED WOULD BE REVIEWED FOR APPROVAL. HOWEVER, SUBSEQUENTLY DENIED THE REQUEST FOR THE ITEMS AND SERVICES LISTED-ABOVE.

77) ON 1-30-19, Jail CHAPLIN, DEFENDANT FREEMAN, SPOKE TO PLAINTIFF AND STATED THAT HE WOULD ATTEMPT TO CONTACT A SPIRITUAL ADVISOR, PLAINTIFF PROVIDED A TELEPHONE NUMBER FROM PLAINTIFF's FAMILY, WHOM PRACTICE NATIVE AMERICAN RELIGIOUS CEREMONIES.

78) ON 1-30-19, DEFENDANT HILL, STATED THAT "NATIVE AMERICANS DON'T HAVE THE SAME RIGHTS AS OTHER INMATES, BECAUSE A FEATHER CAN BE USED AS A HANDCUFF KEY, AND THAT'S A SECURITY THREAT."... "IF YOU WANT RIGHTS TO RELIGION, liKE IN PRISON, THEN HURRY UP AND GET SENTENCED SO YOU CAN GO TO PRISON. SO PRISON CAN GIVE YOU ALL THE THINGS YOU WANT HERE."

75

79) On 2-1-19, plaintiff submitted a grievance appeal to defendant Campa asserting violations of the First Amendment.

80) On 2-23-19, defendant Campa provided an appeal memorandum, stating "as Sergeant Hill points out in his memorandum, the practices you ask for are in violation of Jail policy and create a security issue."

81) On 2-23-19, plaintiff submitted a final appeal to the facility commander, asserting the basis of denying plaintiff his First Amendment right as an American citizen.

82) On 2-28-19, defendant Hedge provided the final appeal response denying plaintiff Native American Religious items, practices, services. Thus, allowing plaintiff to exhaust administrative remedies. (See Exhibit B)

83) On 2-4-19, plaintiff filed a grievance complaining about the unreasonable increase in the commissary prices, an increase of five (5) percent on all items. The items are already heavily inflated compared to the price list of 1-4-19. Plaintiff cited Penal Code § 4025(a).

26.

84) PENAL CODE § 4025 (a) STATES THAT THE SHERIFF FIXES THE PRICES FOR THE ITEMS SOLD TO INMATES. CONTAINED IN THE GRIEVANCE, PLAINTIFF REQUESTED AN AUDIT REGARDING THE PRICE INCREASE, THE INMATE WELFARE FUNDS, AND THEIR RESPECTIVE EXPENDITURES.

85) IT IS ASSERTED THAT THE INCREASE IN ALL THE COMMISSARY PRICES ARE IN THE SHERIFF'S DEFENDANT BIANCO, AND HIS EFFORTS TO OPEN THE NEW INDIO JAIL UTILIZING THE INMATE WELFARE FUNDS, AND EXTORTED FROM INMATES AND THEIR FAMILIES WHICH IS STATUTORILY ILLEGAL. IN ADDITION, THE INMATE WELFARE FUND IS NOT BEING EXPENDED RESPONSIBLY; RATHER, BEING DEPLETED BY THE SHERIFF, DEFENDANT BIANCO.

86) ON 2-11-19, DEFENDANT TINA, SUPERVISOR OF KEEFE COMMISSARY NETWORK, WHICH IS AN OUT-OF-STATE BUSINESS ENTITY, THAT IS BASED IN ST. LOUIS, MISSOURI, THAT PREPARES THE ITEMS ORDERED THROUGH THE SCANTRON SYSTEM, PROVIDED TWICE A WEEK. IN THE GRIEVANCE RESPONSE SUPERVISOR TINA STATES: "ALL PRICES ARE APPROVED BY THE COUNTY OF RIVERSIDE BEFORE ANY CHANGES GO INTO EFFECT." THUS, THE PRICE INCREASE SERVES CLANDESTINE OBJECTIVES EXTORTING INMATES IN ORDER TO FUND PROJECTS BY THE SHERIFF AND COUNTY OF RIVERSIDE.

27

87) On 3-6-19, Plaintiff submitted another grievance to follow up on the previous grievance regarding commissary pricing, dated 2-14-19, in which Defendant Sappington stated that he would "check into it", however, did not provide a response.

88) On 3-8-19, Defendant Sappington provides a response to the above-mentioned grievance stating; "As previously discussed, the Sheriff does not set pricing for commissary." However, this statement is contrary to California Penal Code 84025(a).

89) On 3-9-19, Plaintiff submitted a grievance appeal at the Lieutenant's level, asserting that the Sheriff is extorting inmates and their families with unreasonably excessive price increases, to pay for Indio Jail expansion and depleting the inmate welfare fund.

90) On 3-11-19, Defendant Taylor provides a final appeal response stating "Based on our records, I find that your appeal is outside of the seven-day period allotted for appeals."

91) On 3-14-19, Plaintiff submitted a final appeal to Defendant Hedge, in which Plaintiff asserts that he followed all procedures regarding appeals.

28.

92) On 3-18-19, Defendant Hedge provides a final appeal response, stating: "I have reviewed your original grievance and staff responses, I find this response to be truthful, appropriate and adequate." Thus, allowing Plaintiff to exhaust administrative remedies available to him. (See Exhibit C)

93) Plaintiff has been targeted due to the assertion made by defendants employed by RCSD, as such, Plaintiff has been denied first and fourteenth amendment protections. The settlement provisioned in Ashker v. Brown, 4:09-CV-05796-CW (N.D.Cal.2019) would provide Plaintiff protections and the basic for Ad.Seg retention invalid and unconstitutional.

94) Furthermore, Plaintiff alleges illegal placement, confinement, and deliberate indifference due to the fact that defendants are well aware of the psychological and physiological harms and effects of overzealous implementation of isolation and sensory deprivations, in order to retaliate against Plaintiff.

95) As a result of prolonged isolation in solitary confinement, Plaintiff has been suffering debilitating psychological damage. Plaintiff is quickly and easily irritated by minor noises such as people

Talking loudly, jail personnel foot-steps or keys. Plaintiff is often disoriented and confused throughout the day.

96) Furthermore, Plaintiff suffers from insomnia and chronic fatigue. He suffers from anxiety that causes him to tremble and appear nervous.

97) Due to lack of exercise, Plaintiff has been experiencing abnormal blood pressure readings from his pre-existing diagnosed hypertension.

98) Defendants County of Riverside and the RCSD by policy and practice confines Plaintiff in a small cell for 24 hours a day, 7 days a week, for over 5 years.

99) Defendants are deliberately indifferent to the substantial and obvious risks of harm caused by its policy and practice of locking people in solitary confinement for prolonged periods of time.

100) Currently, Plaintiff is confined 24-hours a day, and has absolutely no interactions with other inmates. The impact of being locked down 24-hour a day is compounded by the harsh conditions and severe restrictions on all aspects of Plaintiff's life.

30.

101) DEFENDANTS RCSD AND COUNTY OF RIVERSIDE ARE
DIRECTLY RESPONSIBLE FOR THESE HARSH CONDITIONS
AND RELATED RISK OF HARM, THROUGH THEIR POLICIES,
CIRCUMVENTED POLICIES AND PRACTICES.

102) PENOLOGICAL AND PSYCHOLOGICAL EXPERTS HAVE
DOCUMENTED FOR OVER A CENTURY THAT PEOPLE HELD
IN SOLITARY CONFINEMENT SUFFER FROM DAMAGING
PHYSIOLOGICAL AND PSYCHOLOGICAL CONSEQUENCES, AS
A RESULT OF PROLONGED INACTIVITY, LACK OF NATURAL
LIGHT, AND LACK OF FRESH AIR. THESE CONSEQUENCES
INCLUDE PROFOUND FATIGUE, INSOMNIA, DETERIORATING
EYESIGHT, BACK AND JOINT PAIN, INTENSE ITCHING,
AND HIGH-BLOOD PRESSURE.

103) IN LIGHT OF THE WELL-DOCUMENTED HARMS DESCRIBED
ABOVE, DEFENDANTS CONTINUE TO EMPLOY THE TACTICS
OF HUMAN RIGHTS ABUSE INTENDED TO PUNISH.
DEFENDANTS ARE WELL AWARE OF THE RISK OF HARM
CAUSED BY THEIR ACTIONS.

104) OTHER JURISDICTIONS, INCLUDING THE CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)
HAVE ENDED THE PRACTICE OF HOUSING PRISONERS
IN SOLITARY CONFINEMENT DUE TO SUSPECTED GANG
ASSOCIATIONS OR BEING INFLUENTIAL, AND HAVE
EXPANDED DUE PROCESS RIGHTS. (SEE ASHKER V. BROWN,
4:09-CV-05796-CW-(N.D. CAL. 2019))

105) THERE IS NO MEANINGFUL AVENUE TO CONTEST AN INCORRECT CLASSIFICATION OR HOUSING PLACEMENT DECISION. HOWEVER, PLAINTIFF LANGUISHES AWAY IN SOLITARY CONFINEMENT DUE TO PRISON GANG ASSOCIATIONS.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
### ( FOURTEENTH AMENDMENT - DUE PROCESS )

106) PLAINTIFF INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION CONTAINED IN THE PRECEDING PARAGRAPHS 1-105, AS SET FORTH HEREIN.

107) PLAINTIFF REFERS TO PARAGRAPHS 1-105, THAT THE FOLLOWING VIOLATIONS OF CONSTITUTIONAL RIGHTS WERE COMMITTED BY DEFENDANTS "UNDER COLOR OF STATE LAW."

108) BY POLICIES AND PRACTICES DESCRIBED HEREIN DEFENDANTS HAVE DEPRIVED AND CONTINUE TO DEPRIVE PLAINTIFF OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES AND HAVE VIOLATED HIS BASIC HUMAN DIGNITY AND HIS RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT OF THE U.S. CONSTITUTION FOR EACH OF THE REASONS SET FORTH BELOW.

## A. DEPRIVATION OF BASIC HUMAN NEED
109) FIRST, THE EFFECTS OF PROLONGED SOLITARY CONFINEMENT CONSTITUTES A SERIOUS DEPRIVATION OF AT LEAST

37

ONE BASIC NEED, INCLUDING, BUT NOT LIMITED TO, NORMAL HUMAN CONTACT, ENVIRONMENTAL AND SENSORY STIMULATION, MENTAL AND PHYSICAL HEALTH, PHYSICAL EXERCISE, FRESH AIR, SUNLIGHT, AND MEANINGFUL REHABILITATION, EDUCATION AND RELIGIOUS ACTIVITIES.

B. IMPOSITION OF SERIOUS PSYCHOLOGICAL AND PHYSICAL INJURY, PAIN AND SUFFERING.

110) SECOND, PROLONGED EXPOSURE TO THOSE DEPRIVATIONS OF BASIC HUMAN NEEDS IS CURRENTLY IMPOSING PERMANENT PSYCHOLOGICAL AND PHYSICAL INJURY ON PLAINTIFF, INCLUDING IMPEDIMENTS IN PLAINTIFF'S COGNITIVE ABILITIES.

111) IN ADDITION TO PLAINTIFF'S CURRENT PSYCHOLOGICAL AND PHYSICAL PAIN, THE LIKELIHOOD THAT PLAINTIFF WILL REMAIN IN SOLITARY CONFINEMENT FOR THE FORESEEABLE FUTURE SUBJECTS PLAINTIFF TO A SIGNIFICANT RISK OF DEBILITATING AND PERMANENT MENTAL ILLNESS AND PHYSICAL HARM.

C. DEPRIVATION OF HUMAN DIGNITY IN VIOLATION OF CONTEMPORARY STANDARDS OF HUMAN DECENCY.

112) THIRD, DEFENDANTS' CONTINUOUS SOLITARY CONFINEMENT EXCEEDING 5-YEARS UNDER THE DEBILITATING AND EXTREME CONDITIONS STRIPS PLAINTIFF OF BASIC DIGNITY AND HUMANITY IN VIOLATION OF CONTEMPORARY STANDARDS OF

DECENCY AND CONSTITUTES DUE PROCESS VIOLATIONS
UNDER THE 14TH AMENDMENT.

## D. UNLAWFUL PUNISHMENT

113 ) FOURTH, DEFENDANTS HAVE NO PENOLOGICAL
INTEREST IN RETAINING PLAINTIFF IN THE DEBILITATING
CONDITIONS OF SOLITARY CONFINEMENT SIMPLY BECAUSE
OF CHARGES, GANG AFFILIATIONS AND RULE VIOLATIONS
THAT ARE GROSSLY DISPROPORTIONATE FORMS OF PUNISHMENT
DISCIPLINARY ISOLATION IS PUNISHMENT. ACCORDINGLY,
DEFENDANTS' POLICY OF INDEFINITE AND PROLONGED
SOLITARY CONFINEMENT CONSTITUTES UNLAWFUL
PUNISHMENT OF INDIVIDUALS WHO ARE NOT YET
SENTENCED.

## E. DEFENDANTS' DELIBERATE INDIFFERENCE

114 ) THE POLICIES AND PRACTICES COMPLAINED OF HEREIN
HAVE BEEN AND CONTINUE TO BE IMPLEMENTED BY
DEFENDANTS AND ITS AGENTS, OFFICIALS, EMPLOYEES,
AND ALL PERSONS ACTING IN CONCERT UNDER
COLOR OF STATE LAW, IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITIES.

115 ) DEFENDANTS HAVE BEEN ADMONISHED OF ALL OF THE
DEPRIVATIONS COMPLAINED OF HEREIN, AND HAVE
CONDONED, PROMOTED, AUTHORIZED OF HAVE BEEN
DELIBERATELY INDIFFERENT TO SUCH CONDUCT.

20

116) IT SHOULD BE OBVIOUS TO DEFENDANTS AND TO ANY REASONABLE PERSON THAT THE CONDITIONS IMPOSED FOR MANY YEARS, CAUSE TREMENDOUS MENTAL ANGUISH. PLAINTIFF IS CURRENTLY EXPERIENCING, OR IS AT RISK OF, SIGNIFICANT AND LASTING INJURY, DEFENDANTS HAVE BEEN DELIBERATELY INDIFFERENT TO PLAINTIFF'S PAIN AND SUFFERING.

SECOND CAUSE OF ACTION
( FOURTEENTH AMENDMENT - PROCEDURAL DUE PROCESS)

117 ) PLAINTIFF INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION CONTAINED IN PARAGRAPHS 1-105, AS IF SET FORTH FULLY HEREIN.

118) DEFENDANTS' POLICIES OF INDEFINITE AND PROLONGED SOLITARY CONFINEMENT SUBJECTS PLAINTIFF TO A SIGNIFICANT DEPRIVATION OF LIBERTY WITHOUT ANY PROCEDURAL SAFEGUARDS.

119) PLAINTIFF HAS A LIBERTY INTEREST, CONFERRED BY STATEWIDE REGULATION, IN NOT BEING CONFINED IN SOLITARY CONFINEMENT AND ISOLATED UNLESS IT IS NECESSARY TO ENSURE THE SAFETY AND SECURITY OF STAFF AND OTHER INDIVIDUALS. ( SEE CCR TITLE 15, §§ 1006, 1050, 1053, 1082.)

35

120) THE CONDITIONS AND THE DURATION OF PLAINTIFF'S
PLACEMENT IN SOLITARY CONFINEMENT CONSTITUTE ATYPICAL
AND SIGNIFICANT HARDSHIPS - EVEN COMPARED TO
THE WORST INCIDENTS OF PRISON LIFE. BECAUSE OF
THE HARSH ISOLATED CONDITIONS AND CONFINEMENT
OF 24-HOURS AND THE LENGTHY DURATION, AS COMPARED
TO OTHER INDIVIDUALS IN THE JAIL OR STATE PRISON
SYSTEM, PLAINTIFF HAS NO ACCESS TO SOCIAL INTERACTION
PROGRAMS, ACTIVITIES, PHYSICAL EXERCISE, WARMTH,
SUNLIGHT, FRESH AIR, OR RELIGIOUS SERVICES.
PLAINTIFF SUBJECTED TO OPPRESSIVE SECURITY
MEASURES OF BEING CROSS-CHAINED UPON TRANSPORTATION
TO AND FROM COURT, STRIP SEARCHED, CELL SEARCHED,
AND RESTRAINED EVERY TIME HE EXITS HIS CELL.

121) BECAUSE PROLONGED PLACEMENT IN SOLITARY CONFINEMENT
CONSTITUTES A SIGNIFICANT AND ATYPICAL HARDSHIP,
DEFENDANTS HAVE DEPRIVED PLAINTIFF OF A LIBERTY
INTEREST WITHOUT DUE PROCESS OF LAW BY DENYING
(1) A NOTICE REGARDING THE DETERMINATION FOR
INITIAL AD.SEG PLACEMENT, (2) A NOTICE REGARDING
THE DETERMINATION FOR ISOLATION IN MEDICAL UNIT,
(3) WRITTEN REASONS FOR THE DECISION TO RETAIN
PLAINTIFF IN ISOLATION, (4) MEANINGFUL AND TIMELY
REVIEW OF PLAINTIFF'S CONTINUED LONG-TERM AND
INDEFINITE DETENTION IN SOLITARY CONFINEMENT, AND
MEANINGFUL NOTICE OF WHAT PLAINTIFF MUST DO
TO EARN RELEASE TO GENERAL POPULATION.

OTHERWISE THE REVIEW IS A "SHAM" AND
MEANINGLESS, IF RETENTION IS BASED ON PRISON GANG
ASSOCIATIONS, PAST BEHAVIOR, OR THE NOTION OF
BEING "INFLUENTIAL,"

122) DEFENDANTS HAVE SOLELY PROVIDED VAGUE RESPONSES
FOR THE NECESSITY TO RETAIN PLAINTIFF IN ISOLATION,
AND HAVE PROVIDED NO DOCUMENTATION, IN SUPPORT
THEREOF. DEFENDANTS HAVE NOT PROVIDED A
MEANINGFUL REVIEW, THEREFORE, THE NATURE OF
THE "REVIEW" COULD BE A SHAM, OR PREDISPOSITIONED
PRIOR TO REVIEW, DUE TO PREJUDICIAL BIASES.
PLAINTIFF HAS REMAINED IN ISOLATION MONTH AFTER
MONTH, WITHOUT JUST CONSIDERATION.

123) PLAINTIFF HAS BEEN ADVERSELY TRANSFERRED
TO ISOLATION, DUE TO COMPLAINING AND LITIGATING,
IN ORDER TO PUNISH AND DISCOURAGE PLAINTIFF'S
COMPLAINTS AND LITIGATION.

124) THE POLICIES AND PRACTICES COMPLAINED OF HEREIN
HAVE BEEN AND CONTINUE TO BE IMPLEMENTED BY
DEFENDANTS AND THEIR AGENTS, OFFICIALS, EMPLOYEES,
AND ALL PERSONS ACTING IN CONCERT, UNDER COLOR
OF STATE LAW, IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.

## THIRD CAUSE OF ACTION
### FIRST AMENDMENT - FREEDOM OF RELIGION

125) PLAINTIFF INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPHS 1-105, AS SET FORTH FULLY HEREIN.

126) DEFENDANTS RCSD, COUNTY OF RIVERSIDE, HILL, SAPPINGTON, URIARTE, CAMPA, HEDGE HAVE DENIED PLAINTIFF THE ABILITY TO PRACTICE HIS RELIGION, RACIALLY DISCRIMINATED AGAINST HIM AND PUNISHED HIM DUE TO REQUESTING RELIGIOUS SERVICES (I.E. DENYING SWEAT LODGE SERVICES, THEN, HOUSING PLAINTIFF IN AN EXTREMELY COLD CELL IN ISOLATION.)

127) THE PRACTICES COMPLAINED OF HEREIN HAVE BEEN DISREGARDED BY DEFENDANTS AND THEIR AGENTS, OFFICIALS, EMPLOYEES, AND ALL PERSONS ACTING IN CONCERT UNDER COLOR OF STATE LAW, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

## FOURTH CAUSE OF ACTION
### FIRST AMENDMENT - RETALIATION

128) PLAINTIFF INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPH 1-105, AS SET FORTH FULLY HEREIN.

129) DEFENDANTS RCSD, COUNTY OF RIVERSIDE, RPDC PERSONNEL, HILL, URIARTE, WEBB, SAPPINGTON, ROCHA, TAYLOR, HEDGE, MARTINEZ, KEEKA HAVE RETALIATED AGAINST PLAINTIFF DUE TO

exercising the jail grievance system,
systematically, arbitrarily and capriciously
executed cell searches in order to harass
and discourage plaintiff's litigation, impeded
and interfered with plaintiff's litigation
and have subjected to extremely harsh
conditions or conditions as result of exercising
constitutionally protected activities. The
defendants listed above have acted in concert
to be deliberate indifferent towards plaintiff.

130) First amendment of the U.S. constitution
protects individuals against acts of reprisal
due to exercising their right to petition
the government.

131) The practices complained of herein have
been disregarded by defendants and their
agents, officials, employees, and all persons
acting in concert under color of state law
in their official and individual capacities.

PRAYER FOR RELIEF

132) Plaintiff has no adequate remedy at law to
redress the wrongs suffered as set forth in
this complaint plaintiff has suffered and will
continue to suffer irreparable injuries as a
result of the unlawful acts, omissions policies,

AND PRACTICES OF THE DEFENDANTS AS ALLEGED
HEREIN, UNLESS PLAINTIFF IS GRANTED THE RELIEF
REQUESTED. THE NEED FOR RELIEF IS CRITICAL
BECAUSE THE RIGHTS AT ISSUE ARE PARAMOUNT
UNDER THE CONSTITUTION OF THE UNITED STATES.

133) WHEREFORE, PLAINTIFF REQUESTS THAT THE
HONORABLE COURT GRANT THE following RELIEF:

    A. ADJUDGE AND DECLARE THAT THE CONDITIONS,
ACTS, OMISSIONS, POLICIES, AND PRACTICES OF THE
DEFENDANTS AND THEIR AGENTS, OFFICIALS, AND
EMPLOYEES ARE IN VIOLATION OF THE RIGHTS OF
PLAINTIFF UNDER THE FIRST AND FOURTEENTH
AMENDMENTS OF THE U.S. CONSTITUTION.

    B. ORDER DEFENDANTS, ITS AGENTS, OFFICIALS,
EMPLOYEES AND ALL PERSONS ACTING IN CONCERT WITH
THEM UNDER COLOR OF STATE LAW OR OTHERWISE, TO
DEVELOP AND IMPLEMENT, AS SOON AS PRACTICAL, A
PLAN TO ELIMINATE THE SUBSTANTIAL RISK OF
SERIOUS HARM THAT PLAINTIFF SUFFERS DUE TO
DEFENDANTS' POLICY AND PRACTICE OF LOCKING
INDIVIDUALS IN THEIR CELLS 24-HOURS A DAY, FOR
30 DAYS OR LONGER, TO ENSURE THAT PEOPLE ARE
NOT HOUSED IN RESTRICTIVE HOUSING WITHOUT A
LEGITIMATE PENOLOGICAL PURPOSE, AND TO PROVIDE
A MEANINGFUL OPPORTUNITY TO BE HEARD

AND TO CHALLENGE CLASSIFICATION DECISIONS
RESULTING IN SOLITARY CONFINEMENT, WITH THE
INTIMIDATION TACTICS OF RETALIATION. DEFENDANTS
MUST INCLUDE AT A MINIMUM THE FOLLOWING:

1. ADHERENCE WITH ALL STATE AND FEDERAL LAWS
WITH RESPECT TO PRETRIAL AND SENTENCED INMATES.

2. ELIMINATION OF THE CONDITIONS OF CONFINEMENT
FOR PLAINTIFF AND INDIVIDUALS IN SOLITARY CONFINEMENT
SO THAT INDIVIDUALS ARE NO LONGER INCARCERATED
UNDER CONDITIONS OF ISOLATION, SENSORY DEPRIVATION,
TORTURE CHAMBERS, LACK OF SOCIAL STIMULI AND
PHYSICAL HUMAN CONTACT, UNSANITARY CONDITIONS,
THREAT OF RETALIATION, RETALIATION TACTICS, BY
JAIL PERSONNEL, ENVIRONMENTAL DEPRIVATIONS,
AND CELL SEARCHES INTENDED TO HARASS.

3. THE RELEASE OF PLAINTIFF FROM RESTRICTED
HOUSING IN THE MEDICAL UNIT DECOMPRESSION
ISOLATION CELL AND ALLOW PLAINTIFF A ROOMMATE
IN THE GENERAL POPULATION, LIKE OTHER INMATES
THAT ARE LABELED "GANG MEMBERS", GROUP
DAYROOM, GROUP RECREATION, OUT-OF-CELL
CONFINEMENT, AND RELIGIOUS SERVICES TO
NATIVE AMERICANS, SUCH AS PLAINTIFF;

4. THAT PLAINTIFF BE AFFORDED AT LEAST 90-MINUTES OF OUT-OF-CELL CONFINEMENT TWICE A DAY, LIKE GENERAL POPULATION INMATES, OR OTHER INMATES CLASSIFIED AD.SEG ASSIGNED TO AD SEG UNITS.

5. STANDARDIZE CLASSIFICATION POLICIES THAT AFFORD DUE PROCESS PRIOR TO AD.SEG PLACEMENT OR PRIOR TO PLACEMENT IN ISOLATION UNITS. AND REQUIRE CLASSIFICATION TO BE BASED ON OBJECTIVE AND QUANTITATIVE FACTORS THAT FOCUS ON INDIVIDUAL BEHAVIOR THAT COULD RESULT IN PUNISHMENT; NOT PUNISHMENT IN ISOLATION WITHOUT ANY DUE PROCESS; AND,

6. PROVISION OF RETAINING LOGS FOR CELL SEARCHES SO THAT THE SEARCHES ARE NOT ARBITRARY AND CAPRICIOUS.

7. PROVISION TO AFFORD LEGAL ASSISTANCE AND LAW LIBRARY ADEQUATELY FURNISHED AND EQUIPPED FOR DUPLICATING SERVICES.

8. PROVISION OF (1) PROVIDING SOME NOTICE, FOR AD.SEG PLACEMENT, PLACEMENT IN ISOLATION, AND DESIGNATION THERE OF, PRIOR TO PLACEMENT, AND AN OPPORTUNITY TO PRESENT HIS VIEWS.

(2) MEANINGFUL 30-DAY REVIEWS, AND WRITTEN DOCUMENTATION, OR EVIDENCE SUBSTANTIATING THE NECESSITY FOR CONTINUED LONG TERM SEGREGATION OR ISOLATION. AND THE A "CAP" FOR 30-DAYS FOR SERIOUS RULE VIOLATIONS. FOR BEHAVIOR THAT WARRANTS SEGREGATION OR ISOLATION, PROPORTIONAL TO THE ALLEGED OFFENSE;

C. ISSUE AN INJUNCTION FOR THE RELEASE OF PLAINTIFF FROM ISOLATION AND AD.SEG PLACEMENT INTO THE GENERAL POPULATION. BECAUSE PLAINTIFF HAS DEMONSTRATED "IRREPARABLE INJURY" COULD RESULT WITHOUT AN INJUNCTION THAT DEEMS THAT PLAINTIFF'S ADVERSE TRANSFER TO ISOLATION IS PUNITIVE AND LACKS DUE PROCESS, BECAUSE IT IS A FORM OF DISCIPLINE;

D. ISSUE AN INJUNCTION COMPELLING DEFENDANTS TO PROVIDE LEGAL ASSISTANCE AND COPYING SERVICES IN ACCORDANCE WITH THE LAW;

E. ISSUE AN INJUNCTION COMPELLING DEFENDANTS TO PROVIDE PLAINTIFF RELIGIOUS SERVICES AND ITEMS SIGNIFICANT TO HIS RELIGIOUS BELIEFS.

F. CEASE THE PRACTICE OF DEFENDANTS UTILIZING THE "VEIL" OF SAFETY AND SECURITY AS A PRETEXT TO EXECUTE CELL SEARCHES IN THE

form of RETALIATION DUE TO PLAINTIFF EXERCISING CONSTITUTIONALLY PROTECTED ACTIVITIES, in ORDER TO CHILL, OR DISCOURAGE PLAINTIFF'S EXERCISE OF FIRST AMENDMENT RIGHTS.

G. AWARD PLAINTIFF COMPENSATORY DAMAGES FOR HIS PHYSICAL AND EMOTIONAL INJURIES, AS WELL AS PUNITIVE DAMAGES FROM EACH DEFENDANT NAMED FOR CAUSING INJURIES.

H. RETAIN JURISDICTION OF THIS CASE UNTIL DEFENDANTS HAVE FULLY COMPLIED WITH THE ORDERS OF THIS COURT, AND THERE IS REASONABLE ASSURANCE THAT DEFENDANTS WILL CONTINUE TO COMPLY IN THE FUTURE ABSENT CONTINUING JURISDICTION; AND,

H. AWARD SUCH OTHER AND FURTHER RELIEF AS THE HONORABLE COURT DEEMS JUST AND PROPER

RESPECTFULLY SUBMITTED,

DATED: 6-4-19

SALVADOR VENEGAS
PLAINTIFF, IN PRO SE

44

EXHIBIT

A



# Riverside County Sheriff's Department
## *Chad Bianco, Sheriff-Coroner*

## Robert Presley Detention Center
4000 Orange Street • Riverside • California • 92501
www.riversidesheriff.org

**To:**     Inmate Salvador Venegas 201409866     **Date:** March 18, 2019

**From:**   Captain D. Hedge

**Re:**     Grievance Appeal, dated March 15, 2019

I have received your grievance appeal dated March 15, 2019, regarding your housing unit assignment.

I have reviewed your original grievance and staff responses. I find the response from Correctional Deputy Rocha and Correctional Lieutenant Taylor to be truthful, appropriate and adequate. In reviewing your classification and housing unit assignment, I find both are appropriate and in compliance with Department Policy and Title 15 Minimum Standards for Local Detention Facilities.

At this time, I am satisfied your concerns have been appropriately and adequately addressed. No further action is anticipated regarding this appeal. If you need any further assistance please refer to the Inmate Orientation Pamphlet, your housing unit deputy, or classification staff.

# EXHIBIT
# B

47



# Riverside County Sheriff's Department
### *Chad Bianco, Sheriff-Coroner*

## Robert Presley Detention Center
4000 Orange Street • Riverside • California • 92501
www.riversidesheriff.org

**To:**   Inmate Salvador Venegas 201409866     **Date:** February 28, 2019

**From:**   Captain D. Hedge

**Re:**   Grievance Appeal, dated February 23, 2019

I have received your grievance appeal dated February 23, 2019, regarding your ability to practice specific Native American religious practices.

I have reviewed your original grievance as well as all subsequent responses. From the Chaplain and classification staff. I find their responses were accurate and reflect compliance with and the intent of the Religious Land Use and Institutionalized Person Act of 2000.

At this time, I am satisfied your concerns have been appropriately addressed. No further action is anticipated regarding this appeal. If you need any further assistance please refer to the Inmate Orientation Pamphlet, your housing unit deputy, or classification staff who have assisted you in the past.

EXHIBIT

C



# Riverside County Sheriff's Department
### *Chad Bianco, Sheriff-Coroner*

## Robert Presley Detention Center
4000 Orange Street • Riverside • California • 92501
www.riversidesheriff.org

| | | |
|---|---|---|
| **To:** | Inmate Salvador Venegas 201409866 | **Date:** March 18, 2019 |
| **From:** | Captain D. Hedge | |
| **Re:** | Grievance Appeal, dated March 14, 2019 | |

I have received your grievance appeal dated March 14, 2019, regarding commissary pricing.

I have reviewed your original grievance and staff responses. I find the response to be truthful, appropriate and adequate.

At this time, I am satisfied your concerns have been appropriately and adequately addressed. No further action is anticipated regarding this appeal. If you need any further assistance please refer to the Inmate Orientation Pamphlet, your housing unit deputy, or classification staff.

## PROOF OF SERVICE

| | |
|---|---|
| SALVADOR VENEGAS<br>PLAINTIFF<br>V.<br>COUNTY OF RIVERSIDE, Et. Al.<br>DEFENDANTS | CIVIL RIGHTS<br>42 U.S.C §1983 |

BY US. MAIL:

CIVIL RIGHTS COMPLAINT, PURSUANT 42 US.C§1983,
EXHIBITS A-C.

I, SALVADOR VENEGAS DECLARE:

I AM OVER THE AGE OF 18 YEARS. AND THE PRO'SE LITIGANT
IN THE ABOVE MENTIONED MATTER, ON 6-4-19, I PROCESSED
THE TRUE AND CORRECT COPY NAMED COMPLAINT TO BE
MAILED TO:

ATTN: PRO SE CLERK
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
255 E. TEMPLE ST. SUITE TS-134
LOS ANGELES, CA. 90012

I SWEAR UNDER PENALTY OF PERJURY PURSUANT
TO THE LAWS OF THE UNITED STATES THAT THE
FOREGOING IS TRUE AND CORRECT. EXECUTED IN
RIVERSIDE, CALIFORNIA.

DATED: 6-4-19                    SALVADOR VENEGAS
                                 PLAINTIFF PRO SE

51.

